**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SANDRA HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:05-CV-2280 CAS |
| | ) | |
| MONUMENTAL LIFE INSURANCE | ) | |
| COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to remand. Defendant Monumental Life
Insurance Company filed a memorandum in opposition and plaintiff filed a reply. For the following
reasons, the Court will grant plaintiff's motion.

## I. Background

Plaintiff Sandra Harris filed this action against defendant Monumental Life Insurance
Company ("Monumental") and Demario Malone in state court on August 24, 2005. Plaintiff alleges
claims against Monumental under Missouri law for breach of insurance contract and vexatious refusal
to pay. Plaintiff's sole count against Demario Malone is a claim of common law negligence.
According to the petition, Harris's son purchased a life insurance policy ("policy") from Monumental
and the policy was procured by Monumental's broker, Demario Malone. (Pet. ¶¶ 6-8). Harris alleges
that she was the beneficiary of the policy and Monumental has denied her claim to the policy
proceeds. (Pet. ¶¶ 11, 15).

Monumental removed this action to federal court on December 5, 2005 asserting that the
Court has diversity jurisdiction, pursuant to 28 U.S.C. § 1332, because Monumental is a citizen of
the state of Maryland, Harris is a citizen of the state of Missouri, and the petition requests damages

in excess of $75,000. (Notice of Removal ¶ 16, Pet. ¶¶ 18, 35). Further, Monumental asserts that plaintiff has fraudulently joined Demario Malone, a resident of Missouri, to defeat diversity jurisdiction (¶¶ 13-15). Defendant Malone consented to the removal of this action, but has not otherwise entered an appearance in the case. (Notice of Removal, Ex. C).

Harris filed a motion to remand stating that the Court has jurisdiction over this action because Monumental did not remove the case within thirty days of receipt of the petition by defense counsel, and that defendant Malone is not fraudulently joined.

## II. Discussion

Harris asserts that the notice of removal is untimely because the petition was filed on August 24, 2005, Monumental was served by mail on October 11, 2005, and the case was not removed until December 5, 2005. In an affidavit, plaintiff's counsel Kevin Sullivan states that he was contacted by Monumental's in-house counsel, Gerardo Puig, regarding the lawsuit in September 2005. (Sullivan Aff. ¶ 4). Sullivan avers that sometime prior to October 11, 2005, Puig agreed that formal service of the summons and petition was unnecessary and Puig would accept service by mail on behalf of Monumental. (Sullivan Aff. ¶ 5). Sullivan also avers that on October 11, 2005, he served the summons and petition on Puig, pursuant to their prior agreement. (Sullivan Aff. ¶¶ 6-7). Attached to the motion to remand are copies of materials that Sullivan avers were mailed to Puig on October 11, 2005, and Sullivan's affidavit. (Motion to Remand, Ex. 2).[1]

First, Monumental responds that the time for removal does not begin to run until formal service of a summons and complaint occurs, and because it never received formal service of the

---

[1]The pertinent part of the October 11, 2005 letter states, "This letter will confirm that you have agreed to accept service on behalf of Monumental Life Insurance Company. We have further agreed to stay the lawsuit (including any obligation on the part of Monumental Life Insurance Company to file a responsive pleading) pending our attempts to get the case resolved." (Mot. to Remand, Ex. 2).

summons and complaint, its removal was timely. Second, Monumental asserts that plaintiff's attorney's affidavit is insufficient to show proof of service because the propriety of removal is determined by the pleadings as of the date of removal and the notice of removal. Therefore, Monumental asserts that Sullivan's affidavit is not properly before the Court and cannot be used in considering the motion to remand. Finally, Monumental contends it never waived service and the October 11, 2005 letter only confirms that Puig agreed to accept service on Monumental's behalf. Monument contends that accepting service and waiving service are different actions. Monumental states that for a waiver of service to be valid, an acknowledgment of the waiver must be in the record in accordance with Missouri Supreme Court Rule of Civil Procedure 54.13.

Plaintiff responds that Sullivan's affidavit may be considered because it relates to facts that were in existence at the time of removal. Further, plaintiff states that Monumental cannot claim it did not waive service because in the notice of removal states "Monumental agreed that it would answer and defend without the necessity for service of process, and in a letter dated December 1, 2005 to plaintiff's attorney, Monumental's counsel agreed to enter an appearance on or before December 5, 2005." (Notice of Removal ¶ 2).

**A. Standard**

The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997), cert. denied, 522 U.S. 1075 (1998). The federal removal statute provides:

> The notice of removal of a civil action or proceeding shall be filed
> within thirty days after the receipt by the defendant, through service

or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by § 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b) (emphasis added).

"An individual or entity named as a defendant is not obligated to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347 (1999). "Unless a named defendant agrees to waive service, the summons continues to function as the sine qua non directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." Id. at 351. In removal cases, the district court reviews the complaint or petition pending at the time of removal to determine the court's jurisdiction. See Hatridge v. Aetna Casualty & Surety Co., 415 F.2d 809, 814 (8th Cir. 1969). The district court may also look to the notice of removal to determine its jurisdiction. See, e.g., Jones & Laughlin Steel v. Johns-Manville Sales, 626 F.2d 280, 282 n.1 (3rd Cir. 1980).

Therefore, the question before the Court is whether Monumental waived service. The Missouri waiver of service rule provides:

When a defendant shall acknowledge in writing, endorsed on the process, signed by the defendant's own proper signature, the service of such process, and waive the necessity of service thereof by an officer, such acknowledgment shall be deemed as valid as service in the manner provided by law. Acknowledgment of service by mail may also be made as provided in Rule 54.16.

MO. R. CIV. P. 54.13(c). Plaintiff asserts that the Sullivan affidavit establishes that service was waived and Monumental has failed to produce an opposing affidavit. Monumental does not dispute that Puig agreed to accept service on behalf of Monumental, but Monumental asserts that it did not "waive" service. Monumental asserts a waiver would only be effective if it is submitted in the record in accordance with Missouri Supreme Court Rules 54.13(c) and 54.16. Further, Monumental asserts that the word "waiver" is not used in plaintiff's affidavit or in the October 11, 2005 letter.

This case presents a unique situation. Although Monumental's counsel assured plaintiff that formal service of process was unnecessary and it would enter its appearance to defend the lawsuit, Monumental now states that it did not waive service. Although Monumental did not use the term "waiver," Monumental explicitly states in its Notice of Removal, "Monumental agreed that it would answer and defend without the necessity for service of process . . ." (Notice of Removal, ¶ 2). That statement in substance waives formal service of process. A party cannot mislead or misrepresent its position to gain an advantage. Plaintiff's reliance on Monumental's representation clearly placed plaintiff in a disadvantaged position when contesting removal. In determining the propriety of removal, the Court has reviewed plaintiff's counsel's uncontradicted affidavit, an authenticated letter to defendant's counsel, and most importantly, defendant's statements in the notice of removal. Based on these documents, the Court finds that defendant waived its right to formal service of process, for purposes of removal, and failed to remove this action in a timely manner under 28 U.S.C. § 1446(b). Therefore, this action must be remanded to state court for lack of subject matter jurisdiction.

Because this case must be remanded for lack of subject matter jurisdiction based on the untimely removal, the Court need not address the fraudulent joinder issue.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand is **GRANTED**. [Doc. 6]

5

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Circuit Court of the City of St. Louis **for lack of subject matter jurisdiction**.  <u>See</u> 28 U.S.C. § 1447(c).

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this <u>15th</u> day of June, 2006.